**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MAHAVEER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 04-1275 (GK) |
| SANDRA T. BUSHEY, <u>et</u> <u>al.</u>, ) | |
| ) | |
| Defendants. ) | |
| ) | |

<u>MEMORANDUM OPINION</u>

Plaintiff, Mahaveer, Inc., brings this action under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), against Defendants Sandra T. Bushey, Acting District Director for the Vermont Service Center for the U.S. Department of Homeland Security, John Ashcroft, former Attorney General of the United States, and the Department of Homeland Security. Plaintiff challenges Defendants' decision to deny its application for an extension of the stay in this country of one of its employees as an L-1A intra-company transferee nonimmigrant.

This matter is before the Court on Defendants' Motion to Dismiss or for Summary Judgment. Upon consideration of the Motion, Opposition, and Reply, and the entire record herein, and for the reasons stated below, Defendants' Motion, [#10], is **granted.**

**I. BACKGROUND**[1]

Plaintiff is a corporation which owns, operates, and manages hotels and motels in the state of Virginia. Am. Compl. at ¶ 3. On September 23, 1999, Plaintiff petitioned the Vermont Service Center of the Bureau of Citizenship and Immigration Services of the U.S. Department of Homeland Security, to grant its employee, Nilesh S. Shah, status as an L1-A nonimmigrant intra-company transferee in a managerial or executive capacity, pursuant to § 101(a)(15)(L) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, et seq..[2] Defs.' St. of Mat. Facts Not in Dispute, ¶ 1. Defendants approved that request on September 30, 1999 and granted Shah beneficiary L-1A status from November 15, 1999 to November 15, 2000. Id.

---

[1] To the extent the Court relies in this section on facts set forth outside of Plaintiff's Amended Complaint, those facts are undisputed.

[2] An intra-company transferee includes any alien who, "within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge, and the alien spouse and minor children of any such alien if accompanying him or following to join him." 8 U.S.C. § 1101(a)(15)(L).

An L-1A visa applies specifically to aliens coming to the United States to work in a "managerial" or "executive" capacity. Id. §§ 1101(a)(44)(A)-(B).

On November 18, 2000, Plaintiff filed a petition to extend Shah's L-1A status.  Id. ¶ 2.  Defendants again approved the request, and granted Shah beneficiary L-1A status from November 16, 2000 to November 15, 2002.  Id.

On November 14, 2002, Plaintiff filed a third petition to extend Shah's L-1A status.  Id. ¶ 8.  Defendants denied that petition on December 30, 2003, concluding that Plaintiff failed to establish, pursuant to INA § 101(a)(15)(L) and § 101(a)(44), that Shah was employed primarily in an executive or managerial capacity. Id.  Plaintiff filed a notice of appeal on April 22, 2003 and requested an additional 60 days to submit a brief and/or evidence in support of its petition.  Id. ¶ 9.  On October 14, 2004, after Plaintiff failed to submit any additional materials, the appeal was dismissed because Plaintiff had not met its burden to identify an erroneous conclusion of law or statement of fact as the basis of the appeal.  Id.  Thereafter, Plaintiff filed this action, seeking reversal of Defendants' decision not to extend Shah's L-1A status.[3]

---

[3]   On March 22, 2002, Plaintiff filed a different kind of petition, the Immigrant Petition for Alien Worker, on behalf of Shah. Defs.' St. of Facts, ¶ 5.  Defendants denied that petition based on the conclusion that Plaintiff had not established, pursuant to INA § 101(a)(44) and § 203(b)(1)(C), that Shah's employment abroad or in the United States was in a primarily managerial or executive capacity. Id. ¶ 6.  Plaintiff's appeal was subsequently denied.  Id. ¶ 7.  Because Plaintiff's Amended Complaint seeks only "relief against [the] decision not to grand [sic] extension of L-1 Petition," the Court need not address Plaintiff's Petition for Alien Worker.  Am. Compl. at ¶ 11.

Am. Compl. at ¶ 11.

## II. STANDARD OF REVIEW

A motion to dismiss should be granted only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). A motion to dismiss tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. See Fed. R. Civ. P. 12(b)(6). Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979).

## III. ANALYSIS

### A. Plaintiff's Complaint Must Be Dismissed Because the Court Lacks Subject Matter Jurisdiction

Defendants argue that this Court lacks subject matter jurisdiction to decide Plaintiff's claims, and that therefore the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). In its opening brief, Defendants argue simply that "neither the APA nor the Declaratory Judgment Act [the statutes Plaintiff names in the Amended Complaint] independently vests jurisdiction over the Department of Homeland Security in this Court." While this statement of law is true, see Califano v. Sanders, 430 U.S. 99, 107 (1977) and Skelly Oil Co. v. Philips Petroleum Co., 339 U.S. 667, 671 (1950), the Court must also

-4-

examine whether jurisdiction is conferred by the statute at the heart of this case, the INA.

Whether this Court has jurisdiction turns on the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), which amended the INA.  The IIRIRA contains a number of provisions limiting the jurisdiction of federal courts and providing that certain determinations regarding immigration status are to be made in the sole discretion of the Executive branch without any judicial review.  See Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 486 (1999) ("protecting the Executive's discretion from the courts . . . can fairly be said to be the theme of the legislation").

Section 1252(a)(2)(B)(ii) of the IIRIRA provides: "Notwithstanding any other provision of law, no court shall have jurisdiction to review . . . (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) [asylum] of this title."  8 U.S.C. § 1252(a)(2)(B)(ii).  The subchapter referred to is subchapter II of Chapter 12 of Title 8, which covers sections 1151 through 1378.

Section 1184 of the INA, which falls within subchapter II of Chapter 12 of Title 8, governs the admission into the country of

nonimmigrants, including L-1A nonimmigrants such as Shah.   It
provides that "[t]he admission to the United States of any alien as
a nonimmigrant shall be for such time and under such conditions as
the Attorney General may by regulations prescribe."   8 U.S.C.
1184(a)(1)(1999).   Moreover, the decision whether to import any
alien as a nonimmigrant under INA § 101(a)(15)(L), "shall be
determined by the Attorney General, after consultation with
appropriate agencies of the Government, upon petition by the
importing employer."   8 U.S.C. 1184(c)(1).   Finally, the relevant
regulation governing Plaintiff's petition for extension states,
"[w]here an applicant or petitioner demonstrates eligibility for a
requested extension, it may be granted at the discretion of the
Service."[4]   8 CFR § 214.1(c)(5)(2001).

Under the IIRIRA, the relevant inquiry for our purposes is
whether, through these provisions, Congress has granted the
Executive the sole discretion to decide petitions for extensions of
L-1A visas.   If so, this Court lacks subject matter jurisdiction to
decide Plaintiff's claims.

---

[4]   The term "Service," is defined as "the Immigration and
Naturalization Service, as it existed prior to March 1, 2003.
Unless otherwise specified, references to the Service after that
date mean the Bureau of Citizenship and Immigration Services, the
Bureau of Customs and Border Protection, and the Bureau of
Immigration and Customs Enforcement."   8 C.F.R. § 1.1(c).   The
Attorney General has delegated all powers relating to the
immigration and naturalization of aliens to these governmental
entities.   See Masonry Masters, Inc. v. Thornburgh, 875 F.2d 898,
901 (D.C. Cir. 1989) (citing 8 C.F.R. § 2.1 (1988)).

Although the D.C. Circuit has not ruled on this precise issue, its decision in Zhu v. Gonzales, 411 F.3d 292 (D.C. Cir. 2005), provides guidance for this Court's analysis.[5]  In Zhu, our Circuit held that § 1252(a)(2)(B)(ii) of the IIRIRA deprived the court of jurisdiction to decide the plaintiffs' complaint, which sought review of the Attorney General's refusal to waive the requirement that they obtain a "labor certification" in order to petition for a work visa.  Id. at 293.  The statutory provision at issue in that case states: "[T]he Attorney General may, when [he] deems it to be in the national interest, waive the requirements of [§ 1153(b)(2)(A)] that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States."  8 U.S.C. § 1153(b)(2)(B)(I).

In its analysis of the application of § 1252(a)(2)(B)(ii) to the statutory provision providing for a waiver of a labor certification, the court first determined that a decision "may be 'specified . . . to be in the discretion of the Attorney General,' even if the grant of authority to make that decision does not use the word 'discretion.'" Zhu, 411 F.3d at 294-95.

Second, the court noted that Congress' use of the terms "deem" and "may," indicated that the Attorney General's decision was "entirely discretionary."  Id. at 295 (citing Spencer Enters., Inc.

_____

[5]  It should be noted that no other Circuit has yet addressed this precise issue.

-7-

v. United States, 345 F.3d 683, 690 (9ᵗʰ Cir. 2003)).  The court
stated that although an extended analysis may be necessary where
Congress' intent to bestow discretion on the Executive is not
abundantly clear, the "'usual presumption' is that 'may' confers
discretion."  Zhu, 411 F.3d at 296 (citing Int'l Union, United
Auto., Aerospace & Agric. Implement Workers of Am. v. Dole, 919
F.2d 753, 756 (D.C. Cir. 1990)).

In this case, the relevant statutory provision states that
admission of nonimmigrants under the INA "shall be for such time
and under such conditions as the Attorney General may by
regulations prescribe."  8 U.S.C. § 1184(a)(1)(1999).  By
indicating that the Attorney General, without any statutory
limitations, "may" prescribe the regulations which would govern the
conditions of nonimmigrants' entry into the United States, Congress
has bestowed discretion on the Attorney General with respect to
these matters.  Moreover, by not providing any specific factors to
guide the Attorney General in crafting such regulations, it can
fairly be said that Congress intended the Attorney General to have
full discretion in his or her decision making.

The more specific statutory provision at issue here, which
states that the decision whether to import any alien as a
nonimmigrant under "subparagraph (H), (L) [the relevant subsection
in this case], (O), or (P)(i) of section 1101(a)(15) of this title
. . . shall be determined by the Attorney General, after

consultation with appropriate agencies of the Government," 8 U.S.C. § 1184(c)(1), also confers discretion on the Attorney General. This provision, like § 1184(a)(1), leaves the ultimate decision to the Attorney General, without providing any specific guidelines or factors for the Attorney General to apply in reaching that decision.  Global Export/Import Link, Inc. v. U.S. Bureau of Citizenship and Immigration Servs., 423 F. Supp. 2d 703 (E.D. Mich. 2006) (holding that this section of the INA conferred discretion on the Attorney General, thereby precluding judicial review of the denial of a petition for extension of the plaintiff's beneficiary's L-1A status).

Finally, there can be no doubt that the relevant regulation, which states that the decision whether to extend an L-1A visa "may be granted at the discretion of the Service," 8 CFR § 214.1(c)(5), confers discretion on the Attorney General.  Not only does the plain language of the regulation grant discretion to the Executive, but it provides that an extension "may" be granted, not that it "must" be granted, even where the applicant demonstrates eligibility for such an extension.  Zhu, 411 F.3d at 295 (using similar analysis in waiver of labor certification context, and holding that the court lacked subject matter jurisdiction).[6]

---

[6] It is worth noting that in Evangelical Lutheran Church in America v. INS, 288 F. Supp. 2d 32 (D.D.C. 2003), which included an in-depth analysis of subject matter jurisdiction under the statutory and regulatory provisions applicable in this case, which
(continued...)

Consequently, under the plain language of the INA and the relevant regulation promulgated pursuant thereto, the decision whether to extend a nonimmigrant's L1-A visa is one left to the discretion of the Attorney General. See CDI Info. Servs., Inc. v. Reno, 278 F.3d 616 (6th Cir. 2002) (interpreting the same statutory provision and regulation with respect to the extension of an "H1-B" nonimmigrant visa and holding that the court lacked subject matter jurisdiction). Accordingly, pursuant to the IIRIRA and the Real ID Act of 2005, this Court lacks subject matter jurisdiction to decide Plaintiff's claims.

---

[6](...continued)
preceded enactment of the Real ID Act of 2005, Judge Kennedy stated, "it appears that decisions made pursuant to [8 C.F.R.] § 214.1(c), fall squarely within the Attorney General's discretion and are therefore insulated from judicial review by 8 U.S.C. § 1252(a)(2)(B)(ii)." Id. at 40. Although Judge Kennedy ultimately held that the court did have subject matter jurisdiction to review the INS's refusal to grant the plaintiff's application for an extension of its beneficiary's stay in the United States, his analysis turned specifically on a reading of the IIRIRA – namely that § 1252(a)(2)(B)(ii) applies only to final orders of removal, and not to other discretionary decisions. Id. This interpretation of the statute has been overruled by congressional action. On May 11, 2005, the Real ID Act of 2005 took effect. Pub. L. No. 109-13, 119 Stat. 231. As Defendants note, Section 101(f) of the Act clarified the IIRIRA by providing that a discretionary decision of the Attorney General is shielded from judicial review "regardless of whether the judgment, decision, or action is made in removal proceedings." See Defs.' Reply at 3.

## IV. CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss or for Summary Judgment, [#10], is **granted** and Plaintiff's Amended Complaint is **dismissed.**

An Order will issue with this Memorandum Opinion.


June 19, 2006                              /s/
                                           Gladys Kessler
                                           U.S. District Judge


**Copies to:**  Attorneys of record via ECF